IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Haseeb Abdullah, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:20-CV-01245-RP |
| | § | |
| | § | |
| Ken Paxton, in his Official Capacity as | § | |
| Attorney General for the State of Texas, | § | |
| Glenn Hegar, in his Official Capacity as | § | |
| Comptroller of Public Accounts for the | § | |
| State of Texas and Director of the Texas | § | |
| Treasury Safekeeping Trust Company, | § | |
|     *Defendants.* | § | |

**STATE DEFENDANTS' REPLY IN SUPPORT OF AMENDED MOTION TO DISMISS**

Defendants Ken Paxton, Attorney General of Texas, Glenn Hegar, Comptroller of Public Accounts and Director of the Texas Treasury Safekeeping Trust Company (collectively, "State Defendants") respectfully file this reply in support of their amended motion to dismiss Plaintiff Haseeb Abdullah's claims. In support, State Defendants show the following:

## I.   INTRODUCTION

Plaintiff's Response in Opposition to State Defendants' Amended Motion to Dismiss ("Response") makes it even more clear that Plaintiff has not personally suffered any actual or imminent injury particularized to him, as would be necessary to convey standing to bring suit, and that Plaintiff has not pled sufficient facts to state a claim on which relief can be granted.

Accordingly, this Court should dismiss Plaintiff's lawsuit, as discussed in the motion to dismiss and herein.

## II.   ARGUMENT

Plaintiff's own explanation of his claims in his Response makes clear that he has neither suffered any actionable injury nor articulated a viable claim. Plaintiff clarifies the basis of his standing

to bring suit as solely deriving "from his status as an individual whose financial interests face a current credible threat of injury, due to the promulgation of unlawful legislation motivated by political and not financial considerations." Dkt. 27 at 10. He states that Defendants' motion to dismiss inaccurately narrowed the nature of his injury and that he "does not premise his claims on a past financial harm." *Id.* at 8. Instead, he is bringing "broader constitutional claims based on the harm that the unconstitutional considerations mandated by Section 808 can and will have on the administration of the relevant funds." *Id.* at 8. He goes on to argue that his claim is not premised on any particular political beliefs he does or does not hold, rather it is based in his interest in his financial property. *Id.* at 10.

Simply put, Plaintiff cannot invoke this Court's jurisdiction on the premise of such hypothetical, attenuated "injuries," and his legal theories cannot form the basis for his asserted causes of action.

### A. Plaintiff has no current or future injury to establish standing.

"[T]he plaintiff, must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff asserts that his injury is the "harm that the unconstitutional considerations mandated by Section 808 can and will have on the administration of the relevant funds." Dkt. 27 at 8. In other words, he disagrees with some of the considerations that go into the governmental entities' investment decisions and he generally worries that this may result in an effect on him. But this is not legally cognizable.

### 1) There is no threat of injury.

Plaintiff argues the threat of injury is sufficient to establish his standing. That is not the case here. In some cases, an actual or imminent threat of future harm, which is concrete and particularized, can satisfy Article III standing. For example, in *Planned Parenthood Gulf Coast, Inc. v. Kliebert*, which is

cited by Plaintiff in his Response (Dkt. 27 at 9), the Louisiana Department of Health and Hospitals ("DHH") sent notice to Planned Parenthood Gulf Coast that DHH intended to terminate its Medicaid contract with Planned Parenthood. 141 F.Supp.3d 604, 614 (M.D. La. 2015). DHH insisted that it could terminate the Medicaid provider agreement with PPGC for any reason, and repeatedly made clear that it intended and hoped to void every Agreement. *Id.* at 631. Thus, the district court in that case found that the alleged harm to Planned Parenthood was the tangible, quantifiable loss of contracts along with the services they provided and the revenue they generated and that was sufficiently immediate to constitute a cognizable injury-in-fact for purposes of standing. *Id.* Conversely, Plaintiff has not suffered any tangible or quantifiable loss, nor is there any quantifiable and imminent injury to Plaintiff here. Indeed, Plaintiff expressly denies that any portion of his alleged injury stems from any financial harm that he has actually suffered. Dkt. 27 at 8.

Plaintiff also cites to *Comsat Corp. v. F.C.C.* for the proposition that "[a] threatened injury satisfies the injury in fact requirement so long as that threat is real, rather than speculative." 250 F.3d 931, 936 (5th Cir. 2001). But *Comsat*'s holding illustrates why Plaintiff *lacks* standing. In *Comsat*, the Fifth Circuit opined that the threat of incurring the service payment of which Comsat complained was conjectural because Comsat could not expand its interstate services due to certain barriers, and the likelihood that it would be able to expand its interstate services was merely speculative. *Id* at 936-937. Similarly, Plaintiff's concern that his financial interests may be harmed in the future is conjectural and merely speculative. Countless intervening events or considerations that have nothing to do with Section 808 will affect Plaintiff's future pecuniary interests, and Plaintiff has not alleged how he faces a "real" threat that could constitute an Article III injury.

2) **Plaintiff has not articulated any harm.**

Plaintiff bears the burden of showing how this alleged harm to him from the considerations mandated by Chapter 808 is concrete, meaning it actually exists, and particularized such that it affects

him in a personal and individual way. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016). He has utterly failed to do so. Moreover, he completely ignores the fact that Chapter 808 actually ameliorates the very grievance of which he complains: section 808.056 specifically mandates that protecting the overall value of the pension fund takes priority over divestment pursuant to the statute. *See* TEX. GOVT. CODE §808.056. By statute, financial consideration and the overall financial health of pension fund are the primary motivators behind any investment or divestment decision.

    a) **No Free Speech injury.**

Plaintiff states that he "does not premise his claims on a past financial harm" (Dkt. 27 at 8) and judicially admits that "he himself has not been barred from participating in BDS activities" (*Id* at 10-11). He argues that "[c]ourts routinely recognize standing in circumstances where the plaintiff's own speech was not restricted." In support of that position, he cites to two inapplicable cases from the Ninth Circuit that hold sustaining a financial loss is a sufficient injury in fact. *Id.* at 12 (*citing Mothershed v. Justs. of the Sup. Ct.*, 410 F.3d 602, 610-11 (9th Cir. 2005); *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001)). These cases do not apply to this litigation because Plaintiff has clearly admitted he does not premise his claims on a past financial harm. Plaintiff's reliance on *Village of Schaumburg v. Citizens for a Better Environment*, 444 U.S. 620 (1980), is also misplaced. In *Village of Schaumburg*, the Supreme Court opined that in certain limited situations "a litigant whose own activities are unprotected may nevertheless challenge a statute by showing that it substantially abridges the First Amendment rights of other parties not before the court." *Id.* at 634. Plaintiff has not sufficiently plead, nor has he argued, that he falls within this narrow exception.

    b) **No Establishment Clause injury.**

Plaintiff's alleged basis for bringing his Establishment Clause claim is not supported by any case law. Plaintiff does not assert any *personal* exposure to an alleged Establishment Clause violation. In fact, he clearly states that "[n]ot only is Plaintiff not required to assert his own personal beliefs in

*State Defendants' Reply in Support of Amended Motion to Dismiss*    4

order to sustain this claim, but those beliefs add nothing to the legal calculus of the injury claimed here." Dkt. 27 at 10, n.8). Instead, he asserts it is *his pension benefits* that are exposed to the alleged violation of the Establishment Clause. Dkt. 27 at 13. This argument is far from minimum requirements to establish Article III standing.

### c) No Due Process injury.

Plaintiff does not have a legally protected interest in the administration of the ERS trust assets. As explained more fully in State Defendants' Amended Motion to Dismiss, Plaintiff has no property or liberty right to dictate how the ERS trust funds are invested or to countermand limitations the Texas legislature may place on such investments as authorized by the Texas Constitution. *See* Doc. 16 at 13.

Plaintiff's reliance on *Richards v. City of New Orleans*, 1996 WL 383125 (E.D. La July 3, 1996)), in support of his position that his individual pension fund is a constitutionally protected property interest is misplaced. In *Richards*, the question before the court was whether plaintiffs had a protected property interest in voting for a member of the board of trustees for the city's retirement board, not whether plaintiffs had a protected property interest in the pension itself. *Id.* at *1. Property interests are not created by the Constitution but are "defined by existing rules or understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Plaintiff's mere allegation of his interest in the administration of his pension plan, without identifying any state law conveying such interest, fails to meet his burden to establish standing as to any of his claims. Likewise, Plaintiff has no rights to support his claims based on alleged deprivation of property or liberty rights without due process or due course of law.

### d) No dormant Commerce Clause injury.

Plaintiff states that he "does not premise his claims on a past financial harm." Dkt. 27 at 8.

Without any financial injury, his claim does not fall within the "zone of interests" protected by the dormant Commerce Clause. *See Cibolo Waste, Inc. v. City of San Antonio*, 718 F.3d 469, 473-74 (5th Cir. 2013).

No matter how liberally this Court construes Plaintiff's allegations of injury, they still do not amount to more than a generalized grievance divorced from any concrete harm.

### B. Plaintiff has plead no cognizable claims.

Assuming Plaintiff meets the requirements for retirement, he has a vested right in his pension benefits based on the applicable statutory formula defining the benefits. He does not have a property right or any other constitutionally protected right in ERS's administration of the trust in conformity with the plan document, which includes the constitutional, statutory and rule provisions that define and govern the trust, nor does he have any other constitutionally protected right in TCDRS's administration of its trust. In order to show a violation of his vested property rights in his future pension benefits, Plaintiff would need to allege and prove a non-speculative nexus between Chapter 808 regulations and an adverse change in the statutory formula that defines his vested pension retirement benefits. Given that Chapter 808 places fiduciary concerns ahead of the state's anti-boycott policy, there is no non-speculative basis to argue that enforcement of Chapter 808 threatens such an adverse change to the statutory formula that defines Plaintiff's benefits. *See* TEX. GOVT. CODE §808.056.

No amount of discovery would reveal evidence to support Plaintiff's claims in this lawsuit because he has not alleged an injury for which he could be entitled to relief. Plaintiff has not pleaded any facts that his speech has been chilled or that he has suffered a financial loss as a result of any violation of the First Amendment, nor has he pleaded any facts that his religious beliefs have been infringed. Plaintiff has not pleaded any facts establishing his legal right to bring a due process violation. Again, no matter how liberally this Court construes Plaintiff's pleadings, they still do not cross the line

into the plausible.

### III. CONCLUSION

For the reasons stated, the State Defendants respectfully request the Court dismiss Plaintiff's claims.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN COWLES**
Deputy Attorney General for Civil Litigation

**THOMAS A. ALBRIGHT**
Chief - General Litigation Division

/s/ *Taylor Gifford*
**TAYLOR GIFFORD**
Texas Bar No. 24027262
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120 | Fax: 512-320-0667
Taylor.Gifford@oag.texas.gov

**Counsel for State Defendants**

### CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2021 a true and correct copy of the foregoing document was served via the Court's CM/ECF system to all counsel of record.

/s/ *Taylor Gifford*
TAYLOR GIFFORD